ELLIS, Judge.
Plaintiff Vurnell Brown is suing for special damages and, on behalf of his minor son Russell Brown, for personal injuries suffered when Russell was struck by an automobile operated by Mrs. Betty Kettles. Defendant herein is Allstate Insurance Company, Mrs. Kettles’ insurer. From an adverse judgment, plaintiff has appealed.
The accident happened on Range Road about forty feet north of its intersection with East Park Street in Hammond, Louisiana. It was dark, or nearly so, at the time of the accident. Russell Brown, who was seven years old at the time, was going to a grocery store situated on the Northeast corner of the intersection. He was accompanied by a number of other children. In order to reach the store, it was necessary that he cross Range Road from west to east.
Mrs. Kettles was driving north on Range Road. She crossed the intersection at a speed of about twenty or twenty-five miles per hour, well within the speed limit. Russell had apparently been playing on the west side of Range Road for some minutes. Just before the accident, he ran across the road. Mrs. Kettles did not see him until he was in front of her vehicle. She immediately applied her brakes and brought her car to a stop, leaving nine feet of skid marks. She struck Russell with the extreme right front of her vehicle, breaking, the right headlight and brought her car to a stop one or two feet past the point of impact.
The testimony in the record reveals that there was a street light at the intersection, but does not locate its position. There were some lights at the grocery store, but we are not given further particulars as to their location or intensity.
The trial judge concluded that Russell suddenly darted across the road and that Mrs. Kettles was unable to see him in time to avoid the accident.
The law applicable in such a case was stated by us in the case of Duraso v. Barbo, 215 So.2d 908 (La.App. 1 Cir. 1968), as follows :
“In arriving at our decision, we must bear in mind the rule that an automobile driver is not an insurer of the safety of small children. When he is driving at a lawful and reasonable rate of speed and is obeying the rules of the road as to a proper lookout, he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child. Each case must be judged on the particular circumstances involved. * * * The rule is different, however, when the motorist sees or should have seen the child near the street. For there a motorist is charged with the knowledge that children playing or walking along the street may unexpectedly or unpredictably leave a position of safety for one of danger and peril. Under these circumstances, a motorist is held to a high degree of care, or better said, the highest degree of care.”
We think the plaintiff has failed to carry the burden of proving that Mrs. Kettles should have seen Russell before she did. The evidence as to the lights at the intersection was, at best, inconclusive. Mrs. Kettles was operating her vehicle at a proper rate of speed, and brought it to a *232 stop promptly as soon as she saw the boy run in front of her car. Under the circumstances of this case, we cannot say the district judge was manifestly erroneous in concluding that Mrs. Kettles was not negligent.
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.